IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HURMAN LEE ROBERTS, JR., )
                          )
        Plaintiff,        )
                          )
                          )    No. CIV-17-760-HE
v.                        )
                          )
MARY FALLIN, JOE ALLBAUGH, )
                          )
        Defendants.       )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing.

In Plaintiff's Complaint filed July 17, 2017 (Doc. # 1), Plaintiff states that he is in the custody of the Oklahoma Department of Corrections ("ODOC") and is currently incarcerated at the Joseph Harp Correctional Center ("JHCC") located in Lexington, Oklahoma. Plaintiff has named two Defendants in the action – Oklahoma Governor Fallin and ODOC Director Allbaugh. Plaintiff states that he is

1

suing the Defendants solely in their official capacities.

Plaintiff sets out two claims for relief in the Complaint. In his first claim, Plaintiff asserts that Defendants violated an Oklahoma criminal law, Ok. Stat. tit. 21, § 843.1(A)(1). As "supporting facts," Plaintiff alleges, in general and conclusory terms, that the Oklahoma prison system is "above capacity" and "understaffed." Complaint, at 2. Plaintiff also alleges, in conclusory terms, that JHCC unit Manager Cagle participated in "an embezzlement scheme" with an inmate involving "food sales" and that an unidentified JHCC law library supervisor has attempted to prevent Plaintiff from obtaining the proper forms for filing this cause of action and has also denied Plaintiff "photocopies." Id.

Plaintiff also complains about a JHCC physician's assistant who has allegedly "refused" to provide him medical care because Plaintiff refused to sign a request form that would have authorized Plaintiff to be charged a fee for receiving medical treatment. Id. Plaintiff further alleges Defendants are "participating in 'human trafficing [sic]'" by housing inmates in private prisons, that he fears retaliation "by defendants" for attempting to exhaust his administrative remedies, and that a JHCC mailroom supervisor has violated federal law by "opening outgoing mail . . . and reading such mail." Id. at 2-3. In his second claim for relief under 42 U.S.C. § 1983, Plaintiff alleges that Defendants have violated Oklahoma criminal laws regarding conspiracy and racketeering.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). In this initial review, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis

either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Eleventh Amendment Immunity

States, state officials named in their official capacities, and state agencies or entities considered "arms of the State" are entitled to immunity under the Eleventh Amendment in a cause of action brought under 42 U.S.C. § 1983 unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding a State and its officials acting in their official capacities are not "persons" under the terms of 42 U.S.C. § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power" and that a State's sovereign immunity may be waived only by an unequivocal expression of waiver).

Although in some circumstances Congress may abrogate a State's sovereign immunity by legislation, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)(§ 1983 does not waive States' sovereign immunity). Moreover, Oklahoma has not consented to Plaintiff's suit against its state officials in their official capacities. See Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court.").

Thus, the Eleventh Amendment bars Plaintiff's § 1983 action seeking damages from Defendants in their official capacities, and these claims should be dismissed with prejudice.

Even assuming Plaintiff has sued Defendants in their individual capacities, it is clear from the allegations in the Complaint that Plaintiff is asserting that Defendants are liable purely because they are supervisors of other prison officials. Under 42 U.S.C. § 1983, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147,1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotation marks omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013). Thus, "[t]o establish a violation of § 1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights." Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013).

Plaintiff has not alleged that Defendants Fallin or Allbaugh took any deliberate or intentional actions designed to violate Plaintiff's constitutional rights. Plaintiff has therefore failed to state a plausible claim for relief under § 1983 against

Defendants in their individual capacities.

III. Plaintiff's Complaint is Vague and Conclusory

Moreover, Plaintiff's allegations in the Complaint are too vague to support a plausible § 1983 claim. Although Plaintiff's pro se pleadings must be liberally construed, his pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(*per curiam*); Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994). These rules require a litigant's complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). See Cohen v. Delong, 369 Fed. App'x 953, 957 (10th Cir. 2010)(unpublished op.)("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits."). To comply with Rule 8, the allegations in a plaintiff's complaint should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, there are no supporting allegations of facts that would allow the Court to discern what particular conduct is alleged, what Defendant, if any, was responsible for the alleged conduct, or other relevant facts such as the harm, if any,

resulting from the alleged conduct.  There is simply no factual specificity to any of Plaintiff's claims.

Plaintiff alleges that the Oklahoma prison system is overcrowded and not adequately staffed, but, as the Supreme Court has cautioned, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." <u>Wilson v. Seiter</u>, 501 U.S. 294, 305 (1991).  Rather, conditions of confinement may establish an Eighth Amendment violation only "when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food warmth, or exercise . . . ." <u>Id.</u> at 304-05.  Plaintiff has not identified any specific conditions or actions from which to infer that any prison official deliberately exposed Plaintiff to a significant risk of harm to his health or safety. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994)(holding "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment").

Plaintiff's conjectural fear of retaliation by prison officials fails to allege specific conduct that would support a viable claim of a constitutional deprivation. Additionally, Plaintiff's allegations that Defendants Fallin and Allbaugh have violated state or federal criminal laws fail to state a plausible claim of a constitutional deprivation.

7

Consequently, Plaintiff's Complaint fails to satisfy the pleading requirements of Rule 8, and the cause of action should be dismissed without prejudice. See Galindo v. Lampela, 513 Fed. App'x 751, 753 (10th Cir. 2013)(affirming dismissal of plaintiff's amended complaint that was "too vague and unintelligible to inform the named defendants of the legal claims being asserted"); Tuttamore v. Lappin, 429 Fed. App'x 687, 689 (10th Cir. 2011)(recognizing that "Rule 8 serves the important function of enabling the court and the defendants to know what claims are being asserted and to determine how to respond to those claims" and affirming district court's dismissal of complaint that was "rambling, disorganized, unfocused and its legal assertions were conclusory and vague").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendants be dismissed pursuant to 28 U.S.C. § 1915A(b) with prejudice on the ground of immunity to the extent Plaintiff seeks relief under § 1983 against Defendants in their official capacities. It is further recommended that the cause of action against Defendants be dismissed pursuant to 28 U.S.C. § 1915A(b) without prejudice on the ground of failure to state a claim upon which relief may be granted to the extent Plaintiff seeks relief under § 1983 against Defendants in their individual capacities.

Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) may constitute one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___September 6th___, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this ___17th___ day of ___August___, 2017.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE