# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HURMAN LEE ROBERTS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-0760-HE |
| | ) | |
| MARY FALLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Hurman Lee Roberts, Jr., a state prisoner appearing *pro se*, filed this § 1983 action against Oklahoma Governor Mary Fallin and Joe Allbaugh, the Director of the Oklahoma Department of Corrections. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. The magistrate judge conducted an initial review of the complaint under 28 U.S.C. §1915A(b). He has filed a Report and Recommendation (the "Report") recommending that the complaint be dismissed upon filing, with the dismissal to be with prejudice as to any claims asserted against the defendants in their official capacities and without prejudice as to any claims asserted against them in their individual capacities. Plaintiff has filed both an objection and an amended objection to the Report.

The Report concluded that plaintiff's claims against the defendants in their official capacities are barred by the Eleventh Amendment.[1] It noted that the defendants, when sued in their official capacities, are considered to be "arms of the State" and that the State

---

[1] *Plaintiff only seeks monetary relief and a "Federal criminal investigation into the corruption of Oklahoma Department of Corrections." Doc. #1, p. 3.*

has not waived its immunity. While noting that plaintiff appears to assert only official capacity claims, it went on to analyze whether claims were stated against the defendants in their individual capacities. It concluded individual capacity claims were not stated, as defendants are not automatically liable under § 1983 for the conduct of others and plaintiff did not allege that they personally "took any deliberate or intentional actions designed to violate Plaintiff's constitutional rights." Doc. #13, p. 5.

Finally, the magistrate judge concluded dismissal of plaintiff's claims is warranted because the complaint's allegations are too vague and conclusory, even when liberally construed, to satisfy the pleading requirements of Fed.R.Civ.P. 8.

In his objection, plaintiff addressed the sovereign immunity issue by arguing that the "11th Amendment is discriminatory of the 14th Amendment" and that the State waived its Eleventh Amendment immunity because "defendants violated Oklahoma criminal statutes while acting under the color of state law." Doc. #14, p. 6. Neither argument is supported by any authority nor are they otherwise persuasive. No plausible basis is suggested for avoiding the impact of Eleventh Amendment immunity on the official capacity claims.

Plaintiff did not respond to the Report's conclusion that, if plaintiff is attempting to sue the defendants as individuals, the complaint fails to allege their personal involvement in any constitutional violation. *See* Gallagher v.Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation. Supervisory status alone does not create § 1983 liability.") (internal quotations and citation omitted). As a result, no individual capacity

2

claim is stated. Further, no claim of any sort is stated with sufficient factual detail to be plausible. Plaintiff attempts to respond to that concern by referencing his complaint in another lawsuit "for further statement and evidence." Doc. #1, p. 3, ¶ (3)(g). But that is not a permissible means of stating a claim. Plaintiff cannot incorporate pleadings from another lawsuit to satisfy the requirements of Rule 8, but must include all allegations pertaining to his claims in the complaint he filed in this action.

In his supplemental objection, plaintiff also includes additional claims which are not alleged in his complaint. A plaintiff cannot amend a complaint in an objection.

Having conducted a *de novo* review, the court agrees with Magistrate Judge Purcell's analysis and adopts the Report. Plaintiff's claims are dismissed. His official capacity claims, which appear to be all that he actually asserts,[2] are dismissed with prejudice. However, to the extent he asserts individual capacity claims against the defendants, those claims are dismissed without prejudice. As no viable claim for relief is stated, his request for appointed counsel is denied.

**IT IS SO ORDERED**.

Dated this 17th day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2] *Plaintiff alleges in the complaint and reiterates in his amendment to his objection that he is suing defendants in their official capacities. See Doc. #1, pp. 1, 2; Doc. #15, p. 3.*